UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA S.,

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C20-1574-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled for the closed period between November 25, 2014 and July 1, 2018. She contends the ALJ erred at step two by failing to find chronic neuropathic pain, Carpal Tunnel Syndrome (CTS), and bilateral knee impairment are severe impairments, and by misevaluating her testimony. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

A.    **Step Two**

Plaintiff argues the ALJ's failure to find neuropathic pain and bilateral CTS are severe impairments is reversible error. Dkt. 22 at 13. Step two error is harmless if the ALJ considered an impairments attendant limitations in determining a claimant's residual functional capacity. *See*

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

*Rice v. Saul*, 817 Fed. Appx. 395, 397 (9th Cir. 2020); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)). Here, following step two, the ALJ considered and rejected Plaintiff's pain complaints; any error at step two regarding pain complaints is thus not grounds to reverse the Commissioner's final decision. Tr. 23-24. However, as discussed below, because the ALJ misevaluated Plaintiff's pain complaints, her complaints must be reassessed on remand. Similarly, because the ALJ failed to consider CTS at step two or in any of the subsequent steps, the ALJ on remand must reassess the impact of CTS on Plaintiff's ability to perform gainful work activity.

**B.      Plaintiff's Testimony**

Plaintiff contends the ALJ erroneously discounted her testimony that her pain limited her ability to sit, stand and walk for more than one hour and that her CTS limited her reaching and handling ability. Dkt. 22 at 14. Plaintiff argues the ALJ erred by applying the wrong standard at step two. But a step two error does not automatically mean the ALJ erred in discounting Plaintiff's testimony and the Court thus rejects this argument.

Plaintiff also argues the ALJ erred by misstating the evidence regarding her CTS. The ALJ discounted Plaintiff's upper extremity complaints finding Plaintiff's electrodiagnostic studies showed "mild abnormalities." Tr. 24. The ALJ's reading of the record is selective. It focuses on the portion of the record showing mild concurrent ulnar neuropathy and disregards other portions showing "[o]verall the bilateral carpal tunnel syndrome appear moderate in degree, greater right than left." Tr. 713. In fact, the ALJ failed to mention carpal tunnel syndrome at both step two and in assessing Plaintiff's residual functional capacity (RFC). The failure is harmful as it results in a RFC determination that fails to account for all of Plaintiff's conditions and limitations.

Plaintiff further argues the ALJ erred in rejecting her chronic pain complaints by focusing on parts of the record showing her pain improved with treatment and ignoring other evidence showing the improvements were temporary. Dkt. 22 at 17. The ALJ found Plaintiff's pain improved noting a March 2016 epidural injection improved Plaintiff's pain 50%. Tr. 24. The March record does indicate Plaintiff's pain improved 50% but it also states Plaintiff "rates her pain 7/10. Low back really bothersome. Left hip pain. Right foot pain." Tr. 876.

The ALJ also found a December 2015 record noted an epidural injection improved Plaintiff's pain 70%. Tr. 24. But that record also indicates Plaintiff stated her pain level was 8/10 and that she has left foot pain and "aching pain in foot starts laterally and extends globally." Tr. 881.

The ALJ also noted records from April 2017 showed nerve ablation and steroid injections provided plaintiff pain relief. Tr. 24. However, that set of records shows Plaintiff was seen on April 4, 2017 with complaints of upper back pain, radiating pain and pain that worsened when sitting, standing and bending. Tr. 1054. Plaintiff indicated her prior injections were helpful but the fact she stated she was still in pain in 2017 indicates the relief obtained was temporary. She also indicated the ablation improved her pain 30% and the epidural injections helped 50%. Tr. 1056.

In June 2017, Plaintiff was seen for a follow-up examination. She reported discomfort in the upper, mid and lower spine, pain radiating to her buttocks, pain in her hips, shoulders, upper extremity and thighs and calf. The medical report noted "This is a chronic problem with essential constant pain." Tr. 1057. In short, the record shows the pain relief Plaintiff obtained from treatment was helpful but for short periods of time. Plaintiff gained some relief from treatment in 2015 yet in 2017, her doctors still noted she suffers from chronic constant pain. Substantial

evidence does not support the ALJ's determination that Plaintiff's progress with treatment undercuts her pain complaints.

The ALJ also discounted Plaintiff's pain complaints on the grounds that she had only mild abnormalities. Tr. 24. The ALJ noted Plaintiff's electrodiagnostic studies regarding "ulnar neuropathy" but as discussed above, that discussion omits the finding Plaintiff suffers from moderate CTS. The ALJ also noted x-ray findings that Plaintiff has mild disc degeneration and she had mild tenderness and limited range of motion with normal strength in her upper extremities. These findings however do not contradict Plaintiff's testimony. Plaintiff testified she could not work due to pain, not because she lacked strength or lacked range of movement.

And finally, the ALJ discounted Plaintiff's testimony as inconsistent with her activities such as volunteering three hours a week at the Humane Center in 2016, exercising and doing yoga. These are not activities that are transferrable to the workplace in that they do not establish Plaintiff can perform gainful work activity. Nor do they contradict Plaintiff's testimony as she never claimed to be bed-ridden and confined to her home. These activities thus are not a reasonable basis to reject Plaintiff's testimony about her limitations.

## CONCLUSION

The Court concludes the ALJ harmfully erred by failing to consider CTS at step two and in assessing Plaintiff's RFC. The ALJ also erred in rejecting Plaintiff's testimony about the impact pain has on her functioning. The Court accordingly **REVERSES** the Commissioner's final decision is **REVERSED** and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

/

/

On remand, the ALJ shall consider CTS and reassess Plaintiff's testimony, develop the record and redetermine Plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 11th day of August 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5